UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Carl Reedy**, <br><br> Plaintiff, <br><br> v. <br><br> **George Peters d/b/a Bella Roofing** and **George Peters, individually**, <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Plaintiff, Carl Reedy ("Plaintiff"), sues the Defendants, George Peters d/b/a Bella Roofing and George Peters (collectively "Defendants" or "Bella Roofing") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111.03 for Defendants' failure to pay Plaintiff all earned overtime wages; ORC § 4111.01 for Defendants' failure to pay Plaintiff all earned minimum wages; and ORC § 4113.15 for Defendants'' failure to pay Plaintiff all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

-1-

3. ORC § 4111.03 establishes the law regarding overtime wages within the State of Ohio.

4. ORC § 4111.01 establishes the law regarding minimum wage within the State of Ohio.

5. ORC § 4113.15 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

8. Specifically, Plaintiff regularly performed work for Defendants in Cleveland, Cuyahoga County, Ohio, where a significant portion of the acts giving rise to Plaintiff's claims occurred.

## PARTIES

9. At all material times, Plaintiff is an individual residing in Stark County, Ohio, and is a former employee of Defendants.

10. At all material times, Defendant George Peters d/b/a Bella Roofing is an unregistered entity, which is, upon information and belief, licensed to transact business in the State of Ohio. At all material times, Defendant George Peters d/b/a Bella Roofing does business, has offices, and/or maintains agents for the transaction of its customary business in Stark County, Ohio.

11. At all material times, Defendant George Peters d/b/a Bella Roofing does business as "Bella Roofing."

12. At all relevant times, Defendant George Peters d/b/a Bella Roofing was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant George Peters d/b/a Bella Roofing had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant George Peters d/b/a Bella Roofing is subject to liability under the FLSA.

13. Defendant George Peters is an owner of Defendant George Peters d/b/a Bella Roofing and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

14. Under the FLSA, Defendant George Peters is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant George Peters is an owner of Defendant M George Peters d/b/a Bella Roofing. At all relevant times, George Peters had the authority to hire and fire employees,

supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, George Peters is subject to individual liability under the FLSA.

15. At all material times, Defendant George Peters d/b/a Bella Roofing and George Peters are Plaintiff's "employers" as defined by Ohio Revised Code § 4111, *et seq*.

16. Plaintiff is further informed, believe, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

17. Defendants, and each of them, are sued in both their individual and corporate capacities.

18. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

19. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

20. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

21. At all relevant times, all Defendants were joint employers of Plaintiff.

22. At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs; and (2) Defendants were under common control.  In any event, at all relevant times, all Defendants were joint employers under the FLSA.

23. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

25. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

26. Defendants own and/or operate as Bella Roofing, an enterprise located in Stark County, Ohio.

27. Plaintiff was hired by Defendants and worked for Defendants from approximately September 2016 through May 2019.

28. Defendants, in their sole discretion, paid Plaintiff an hourly rate of $20.

29. For the entire duration of his employment with Defendants, Plaintiff worked as a general laborer, performing non-exempt tasks and manual labor, such as constructing roofs, tearing out roofs, customer service, and other construction-related duties.

30. For the entire duration of his employment with Defendants, Defendants classified Plaintiff as an independent contractor.

31. For the entire duration of his employment with Defendants, Defendants paid Plaintiff $20 per hour for all hours that he worked, regardless of whether he worked in excess of 40 hours in a given workweek.

32. Despite classifying Plaintiff as an independent contractor, Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled, and performed all other duties generally associated with that of an employer with regard to Plaintiff.

33. For the entire duration of his employment with Defendants, Defendants instructed Plaintiff about when, where, and how to perform his work.

34. For the entire duration of his employment with Defendants, Defendants controlled Plaintiff's schedule.

35. For the entire duration of his employment with Defendants, Plaintiff was unable to work for any other company.

36. The following further demonstrate that Plaintiff was an employee during his work for Defendants:

    a. Defendants had the sole right to hire and fire Plaintiff;

    b. Defendants made the decision not to pay overtime;

    c. Defendants supervised Plaintiff and subjected Plaintiff to Defendants' rules;

    d. Plaintiff had no financial investment with Defendants' business;

    e. Plaintiff had no opportunity for profit or loss in the business;

    f. The services rendered by Plaintiff in his work for Defendants was integral to Defendants' business;

    g. Plaintiff was hired as a permanent employee for an indefinite duration, working for Defendants for more than two years.

37. For the entire duration of his employment with Defendants, Defendants classified Plaintiff as an independent contractor to avoid Defendants' obligation to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per week.

38. For the entire duration of his employment with Defendants, Defendants, instead of paying Plaintiff one and one-half times his regular rate of pay for time worked in excess of 40 hours in a given workweek, paid Plaintiff at his regular, non-overtime rate of $20 per hour.

39. For the duration of Plaintiff's employment with Defendants, Defendants had a consistent policy and practice of requiring Plaintiff to work well in excess of forty (40) hours per week without paying him one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a given workweek.

40. In a given workweek, and during each and every workweek during which Plaintiff worked for Defendants, Plaintiff worked in excess of 40 hours without being compensated one and one-half times his regular rate of pay.

41. While employed by Defendants, Plaintiff worked between 50 and 60 hours per week. At times, Plaintiff would work for Defendants as much as 70 hours per week.

42. For his entire employment with Defendants, Plaintiff was compensated at a flat hourly rate of $20 per hour for all hours worked in a given workweek, regardless of the amount of hours Plaintiff worked in a given workweek, even when Plaintiff worked in excess of 40 hours in a given workweek, and for all hours Plaintiff worked in excess of 40 hours in a given workweek.

43. As a result of Defendants' willful failure to compensate Plaintiff any overtime wage for the time he worked in excess of 40 hours in a given workweek, Defendants have violated 29 U.S.C. § 207(a).

44. As a result of Defendants' willful failure to compensate Plaintiff any overtime wage for the time he worked in excess of 40 hours in a given workweek, Defendants have violated ORC § 4111.

45. In addition, during April and May 2019, Defendants did not pay any wage whatsoever to Plaintiff for work he performed for Defendants.

46. During this time, Plaintiff worked approximately 550 hours over approximately nine workweeks for Defendants but was not compensated timely for such work.

47. Eventually, Defendants compensated Plaintiff for approximately 200 of those hours. However, the remaining hours went completely uncompensated.

48. As a result of Defendants' failure to timely compensate Plaintiff for such hours worked, Defendants did not compensate Plaintiff at the applicable minimum wage rate.

49. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

50. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4111.

51. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4113.

52. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable overtime wage rate for all hours worked in excess of 40 hours in a given workweek.

53. Defendants have and continue to violate ORC § 4111 by not paying Plaintiff the full applicable overtime wage rate for all hours worked in excess of 40 hours in a given workweek.

54. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

55. Defendants have and continue to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage rate for all hours worked in excess of 40 hours in a given workweek.

56. Defendants have and continue to violate ORC § 4113 by not paying Plaintiff wages due and owing.

57. Plaintiff is a covered employee within the meaning of the FLSA.

58. Plaintiff is a covered employee within the meaning of ORC § 4111.

59. Plaintiff is a covered employee within the meaning of ORC § 4113.

60. At all relevant times, Plaintiff was a non-exempt employee.

61. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

62. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

63. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

64. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under §34(a) of Article II of the Ohio Constitution.

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants willfully failed to compensate Plaintiff any overtime wage for the time he worked in excess of 40 hours in a given workweek for his entire employment with Defendants.

67. Defendants' practice of willfully failing or refusing to pay Plaintiff an overtime wage for the time he worked in excess of 40 hours in a given workweek for his entire employment with Defendants violates the FLSA, 29 U.S.C. § 207(a).

68. Plaintiff is therefore entitled to compensation for the full applicable overtime wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Carl Reedy, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: OHIO REVISED CODE § 4111.01
### FAILURE TO PAY OVERTIME

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants willfully failed to compensate Plaintiff any overtime wage for the time he worked in excess of 40 hours in a given workweek for his entire employment with Defendants.

71. Defendants' practice of willfully failing or refusing to pay Plaintiff an overtime wage for the time he worked in excess of 40 hours in a given workweek for his entire employment with Defendants violates ORC § 4111.

72. Plaintiff is therefore entitled to compensation for the full applicable overtime wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Carl Reedy, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid overtime wages, plus an additional amount equal to twice the unpaid overtime wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY MINIMUM WAGE

73. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

74. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them beyond the aforementioned $70 they paid her.

75. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

76. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Carl Reedy, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FOUR: OHIO REVISED CODE § 4111.01
## FAILURE TO PAY MINIMUM WAGE

77. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them beyond the aforementioned $70 they paid her.

79. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

80. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Carl Reedy, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT FIVE: OHIO REVISED CODE § 4113
## FAILURE TO PAY WAGES OWED

81. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them beyond the aforementioned $70 they paid her.

83. Defendants' practice of willfully failing to pay Plaintiffs wages for labor performed violates ORC § 4113.

84. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Carl Reedy, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 23rd day of March, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Email: cliffordbendau@bendaulaw.com
            chris@bendaulaw.com


THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
6000 Freedom Square Dr.
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: jameslsimonlaw@yahoo.com